[Crim. No. 36454. Second Dist., Div. Five. Sept. 22, 1980.]

THE PEOPLE, Plaintiff and Appellant, v.
JAMES LEE PENNER, Defendant and Respondent.

## COUNSEL

John K. Van de Kamp, District Attorney, Harry B. Sondheim and Dirk L. Hudson, Deputy District Attorneys, for Plaintiff and Appellant.

Rowan K. Klein and Patricia E. Nelson for Defendant and Respondent.

## OPINION

ASHBY, J.—This is a People's appeal (Pen. Code, § 1238, subds. (a) (5), (6); *People* v. *Minjarez* (1980) 102 Cal.App.3d 309, 312 [162 Cal. Rptr. 292]) from an order granting credits on defendant's prison sentence pursuant to Penal Code sections 2900.5 and 4019.

In the instant case (No. A141450) defendant was charged in three counts with kidnaping, robbery and assault with intent to commit rape. Counts I and II involved the kidnaping and robbery of Jayme A. on May 14, 1978. Count III involved assault with intent to commit rape on Julie T. on October 25, 1978. Pursuant to a plea bargain defendant pleaded guilty to count III and was sentenced to state prison for two

years in ·August 1979, with the other two counts dismissed. The court granted defendant 240 days' credit on his sentence, including good time/work time. The People contend the granting of credit was erroneous.

At the time the instant offenses were committed defendant was on parole from a state prison term he was serving for his conviction of kidnaping and false imprisonment in 1972. Defendant was arrested on the instant charges on October 27, 1978, and a parole hold was placed on him on October 31, 1978.

Parole authorities recommended revocation of parole based upon the facts of the Julie T. and Jayme A. incidents. Based upon the testimony of victims Julie T. and Jayme A. at defendant's parole revocation hearing of December 7, 1978, the Community Release Board found that defendant had committed the offenses and revoked his parole, ordering him returned to custody for six months. Defendant served the six-month period of custody in the county jail. The six-month period expired April 30, 1979, (apparently being measured from the Oct. 31, 1978, parole hold) and defendant was released. He was at the same time released from local custody on $25,000 bail pending adjudication. On June 26, 1979, he pled guilty to count III in the plea bargain mentioned above.

■ The People contend that defendant is entitled to no credit on the instant conviction on account of the six-month period served on revocation of parole. This argument is without merit.

It is clear from the record of the parole revocation proceedings that defendant's parole was revoked because of the Julie T. and Jayme A. incidents which were the basis for the charges in the instant proceedings. Defendant's being in custody for six months was therefore "attributable to proceedings related to the same conduct for which the defendant has been convicted" and he is entitled to credit therefor on the instant sentence. (Pen. Code, § 2900.5, subds. (a), (b); *In re Rojas* (1979) 23 Cal.3d 152, 157 [151 Cal.Rptr. 649, 588 P.2d 789]; *In re Bentley* (1974) 43 Cal.App.3d 988, 992-993 [118 Cal.Rptr. 452]; *Cerda* v. *Superior Court* (1974) 42 Cal.App.3d 491, 493 [116 Cal.Rptr. 896].)

The People argue that defendant's custody was really attributable to his prior conviction in the sense that but for the prior conviction "there

would be no parole to be revoked and therefore no revocation." This same argument was rejected in *Cerda* v. *Superior Court, supra.*

The People cite *In re Rojas, supra,* but that case supports defendant. In *Rojas,* the defendant was *in prison* serving a term, when another crime, previously committed, was charged against him. The Supreme Court held the defendant was not entitled to credit for the time in custody between the filing of the new charges and his conviction and sentence on the new charges because defendant was "already incarcerated and serving his sentence for a first offense. . . . As to the latter individual the deprivation of liberty for which he seeks credit cannot be attributed to the second offense. Section 2900.5 does not authorize credit where the pending proceedings has no effect whatever upon a defendant's liberty." (23 Cal.3d at p. 156.) The Supreme Court contrasted that situation with one like the instant case in *In re Bentley, supra.* The Supreme Court approved the application of section 2900.5 to the facts of *Bentley,* which were similar to the facts of the instant case. The Supreme Court stated, "The cases upon which defendant relies are, as closer analysis reveals, consistent with the foregoing interpretation of section 2900.5. In *In re Bentley* (1974) 43 Cal.App.3d 988 [118 Cal. Rptr. 452], the defendant was on parole pursuant to a prior narcotics conviction when he was arrested for robbery. *It was the new charge which caused his loss of physical freedom* and thus the time in custody for which he sought credit was based on the same conduct for which he was convicted, the robbery charge. A literal interpretation of section 2900.5 would have allowed Bentley his credit under those facts." (23 Cal.3d at p. 157; italics added.) The Supreme Court's disapproval of certain dictum in *Bentley* and of *In re Pollock* (1978) 80 Cal.App.3d 779 [145 Cal.Rptr. 833], does not detract from the Supreme Court's approval of the *Bentley* result on facts similar to this case. Here, as described by the court in *Rojas,* defendant was at liberty on parole and it was the commission of new offenses involved in the instant proceedings which caused his parole to be revoked and his liberty to be lost.

The People's reliance on *In re Hodges* (1979) 89 Cal.App.3d 221 [152 Cal.Rptr. 394], is similarly misplaced. There the defendant was serving a prison term and escaped. He was subsequently apprehended and, of course, returned to custody. New charges were also filed against him based upon crimes committed while an escapee. The court held the defendant was not entitled to credit on the time in custody between his arraignment and sentence on the new charges. Obviously, in that case, the defendant would have been returned to custody as an escapee re-

gardless of whether he committed any new crimes. (*Id.*, at p. 225.) That is not like the instant case where the new conduct caused defendant's parole to be revoked. *People* v. *Minjarez, supra,* 102 Cal.App.3d 309, 312, cited by the People, is also distinguishable because Minjarez "would necessarily have been incarcerated" during the period in question "in two *unrelated* cases." (Italics added.) Here defendant's parole revocation time was based on the same incidents as the instant proceeding.

The People next contend that the second sentence of Penal Code section 2900.5, subdivision (b), bars the award of credit in this case. That provision reads: "Credit shall be given only once for a single period of custody attributable to multiple offenses for which a consecutive sentence is imposed."

This provision has no application to the present case. The trial court did not impose consecutive sentences. Defendant was convicted on only one count in the instant matter, the other two counts being dismissed in furtherance of justice.

The People argue that since defendant had already completed his six months in custody on revocation of parole when he was sentenced in this case, sentence here was effectively consecutive to the parole reincarceration. Still, there has been no imposition of consecutive sentences for multiple offenses within the meaning of section 2900.5, subdivision (b). Defendant was not "sentenced" by the court to parole incarceration for an offense. Under current law, parole is something which occurs at the expiration of a term of imprisonment. (Pen. Code, § 3000.) Reincarceration upon revocation of parole is not a matter for a sentencing court, it is a function of the Board of Prison Terms. (*Community Release Bd.* v. *Superior Court* (1979) 91 Cal.App.3d 814, 816-817 & fn. 3 [154 Cal.Rptr. 383]; Pen. Code, § 3057.) Defendant is not receiving double credit as would a defendant who received credit on each of two terms ordered to run consecutively. (See *People* v. *Schuler* (1977) 76 Cal.App.3d 324, 330, fn. 10 [142 Cal.Rptr. 798].) Here defendant's period of custody was attributable solely to the incidents involved in the instant proceedings. (See *Cerda* v. *Superior Court, supra,* 42 Cal.App. 3d 491, 493.)

Finally, the People contend that if defendant is entitled to credit for actual time in custody he is not also entitled to good time/work time. (Pen. Code, §§ 2900.5, subd. (a), 4019.) The People argue, "In the in-

stant case, [defendant] was released on April 30, 1979, after serving six months on a parole violation. Presumptively, this release date already took into account any 'good time' or 'work time' earned." To award good-time/work-time credit on the instant judgment, say the People, would give double credit. This argument is wholly without merit. Defendant was in custody for an entire maximum six months measured from the date of the parole hold. The provisions for good-time/work-time credit are inapplicable to reincarceration upon revocation of parole. (*Community Release Bd.* v. *Superior Court, supra*, 91 Cal.App.3d at pp. 816-818.) Under section 2900.5, defendant was entitled to section 4019 credits for the time served.[1]

The order granting credits is affirmed.

Kaus, P. J., and Hastings, J., concurred.

---

[1]In the respondent's brief, defendant suggests the amount of good-time credit was erroneously calculated and that the total credit should be approximately nine months rather than eight months. (See *In re Allen* (1980) 105 Cal.App.3d 310, 315 [164 Cal.Rptr. 319].) As to this mathematical calculation, defendant should have an adequate administrative remedy through the Department of Corrections. (*People* v. *Sage* (1980) 26 Cal.3d 498, 507 [165 Cal.Rptr. 280, 611 P.2d 874].)