Opinion
SHABO, J.
Defendant appeals from orders of the court below terminating two prior grants of probation following defendant’s conviction of a new offense, and imposing consecutive terms of 180 days in the county jail as a sentence on each probation matter. Defendant asserts that the court erred in each of these matters by denying him presentence credit against the 180-day sentences for 46 days actual time spent in custody.
*Supp. 11 The factual background of the case is as follows: On February 11, 1981, following entry of a nolo contendere plea in case Nos. V095457 and V097893, which involved two separate charges of violating former Vehicle Code section 23102, subdivision (a) (now § 23152, subd. (a)), defendant was placed on thirty-six months summary probation on each case. On January 18, 1983, defendant was charged in No. V151831 with violations of Vehicle Code sections 23152, subdivision (a) and 23152 subdivision (b). Probation was revoked in the foregoing cases and a violation hearing set on each for the date of trial on the new case.
Defendant was convicted following a jury trial of both offenses, and was sentenced to 365 days in the county jail. Based upon the conviction and the testimony of the defendant during the trial, the court found him in violation of probation in both probation matters, terminated probation and imposed 180-day sentences in the county jail. The sentences were ordered to be served consecutively with that imposed in case No. V151831, and consecutively with each other. The court granted the defendant credit of 46 days that he had served in the county jail between the date of his arraignment and the date of sentencing in No. VI51831. However in both probation violation matters the court denied defense counsel’s motion to credit the defendant with those same 46 days against the 180-day consecutive sentences imposed.
On appeal defendant contends that he was entitled to separate credits of 46 days against each consecutive sentence imposed on the probation violation matters. We disagree.
Section 2900.5 of the Penal Code provides in relevant part: “(a) In all felony and misdemeanor convictions . . . when the defendant has been in custody, including . . . any time spent in a jail, ... all days of custody of the defendant . . . shall be credited upon his term of imprisonment, . . . [t] (b) For the purposes of this section, credit shall be given only where the custody to be credited is attributable to proceedings related to the same conduct for which the defendant has been convicted. Credit shall be given only once for a single period of custody attributable to multiple offenses for which a consecutive sentence is imposed.” (Italics added.)
In In re Atiles (1983) 33 Cal.3d 805 [191 Cal.Rptr. 452, 662 P.2d 910] our Supreme Court held that where concurrent sentences are imposed, a defendant is entitled under Penal Code section 2900.5 to dual credit where the custody in both matters is attributable to proceedings related to the same conduct for which the defendant has been convicted. (33 Cal.3d at p. 811.) However, in dicta the court interpreted the second sentence of subdivision (b) of section 2900.5 to prohibit dual credits in cases in which the defendant *Supp. 12 is sentenced consecutively to a single period of custody attributable to multiple offenses.
In the case at bench defendant was sentenced to consecutive terms in the county jail. Under the language of Atiles, supra, the municipal court acted properly in denying defendant presentence credits against the consecutive sentences imposed on the probation matters. (See also People v. Guthrie (1979) 97 Cal.App.3d Supp. 53, 57 [159 Cal.Rptr. 171].) People v. Veley (1984) 157 Cal.App.3d 1046 [204 Cal.Rptr. 83], cited by defendant at oral argument, has no application to the case at bench; Veley did not involve the issue of credits on consecutive sentences.
The orders terminating probation and imposing jail sentences are affirmed.
Reese, P. J., and Cooperman, J., concurred.