[Crim. No. 12893. Fourth Dist., Div. Two. Apr. 12, 1982.]

THE PEOPLE, Plaintiff and Respondent, v.
AUGUSTINE R. LUNA, Defendant and Appellant.

COUNSEL

Quin Denvir, State Public Defender, under appointment by the Court of Appeal, Richard B. Lennon and Cynthia Choy Ong, Deputy State Public Defenders, for Defendant and Appellant.

George Deukmejian, Attorney General, Robert H. Philibosian, Chief Assistant Attorney General, Daniel J. Kremer, Assistant Attorney General, Michael D. Wellington and Robert B. Shaw, Deputy Attorneys General, for Plaintiff and Respondent.

OPINION

GARDNER, J.*—On February 12, 1981, defendant was arrested for burglary. At that time he had been a parole absconder since September 10, 1980. On February 13, 1981, a parole hold was placed on him. This parole hold contained charges of five violations, only one of which was the burglary. The others were (1) failure to keep his parole agent notified of his whereabouts, (2) failure to comply with monthly narcotic testing, (3) refusing to correctly identify himself to a police officer and (4) having access to a loaded revolver. He now wants credit under Penal Code section 2900.5 for time in custody prior to sentencing. No way.

Whatever one may think of the rationale of *People* v. *Penner* (1980) 111 Cal.App.3d 168 [168 Cal.Rptr. 431] and the majority opinion in *People* v. *Simpson* (1981) 120 Cal.App.3d 772 [174 Cal.Rptr. 790], both of which cases allow presentence credit when the parole revocation is based on the newly charged crime, this case is factually distinguishable. It is not controlled by those cases.

---

*Retired Presiding Justice of the Court of Appeal sitting under assignment by the Chairperson of the Judicial Council.

Here the defendant was not only on parole at the time of arrest, he was a parole absconder. The revocation of parole was not "attributable to the proceedings related to the same conduct for which the defendant had been convicted." (Pen. Code § 2900.5.) As the trial court properly noted, the defendant had been violated for five reasons, only one of which was the instant burglary charge. Even had the defendant not committed this offense, he was subject to parole revocation. Thus, he had no "liberty" interest which was being protected while he was in custody. He is not entitled to presentence credit.

Judgment affirmed.

Kaufman, Acting P. J., and McDaniel, J., concurred.

Appellant's petition for a hearing by the Supreme Court was denied July 7, 1982.