[Crim. No. 11265. Third Dist. Sept. 21, 1982.]

THE PEOPLE, Plaintiff and Respondent, v.
KELVIN LEE BONEY, Defendant and Appellant.

**COUNSEL**

Quin Denvir, State Public Defender, under appointment by the Court of Appeal, and Cynthia A. Thomas, Deputy State Public Defender, for Defendant and Appellant.

George Deukmejian, Attorney General, Robert H. Philibosian, Chief Assistant Attorney General, Arnold O. Overoye, Assistant Attorney General, Robert D. Marshall and Christine M. Diemer, Deputy Attorneys General, for Plaintiff and Respondent.

OPINION

**PUGLIA, P. J.**—Convicted of robbery (Pen. Code, § 211), defendant appeals from the judgment contending the trial court erred in denying presentence credit for time spent in federal penitentiary.

An understanding of the single issue in dispute requires a brief chronological summary of the relevant events.

On March 5, 1980, defendant, then on federal parole, was arrested on the instant robbery charge. He was released on bail April 21, 1980. Trial commenced June 9. On July 10 a federal bench warrant issued for defendant's apprehension as a parole violator, citing defendant's failure to report to his parole officer, his departure from the jurisdiction (the Eastern District of California) without permission and his involvement in the instant robbery charge. On June 11, the third day of his robbery trial, defendant did not appear and the superior court issued a bench warrant. Defendant's trial proceeded in his absence, the jury returning a verdict of guilty on June 12 (Pen. Code, § 1043, subd. (b)(2)).

On July 20, 1980, defendant was arrested in Nevada by federal parole officers. On August 28, defendant's federal parole was revoked and he was committed to federal pentitentiary to serve out the remainder of his term.

On November 20, defendant was returned to state court under the provisions of the Agreement on Detainers (Pen. Code, §§ 1389-1389.8) The matter was referred to the probation department and on January 9, 1981, defendant was sentenced to the state prison for the lower term of two years, to be served consecutively to the federal term. The trial court awarded presentence credit for the period of incarceration between defendant's arrest March 5, 1980, and his release on bail, April 21, 1980. This time amounted to 46 actual days and 23 days good time/work time. Defendant was returned to federal custody to complete his sentence.

■ Defendant contends that he is entitled to presentence credits for the period of time between July 20, 1980, the date he was arrested in Nevada and January 9, 1981, the date he was sentenced on the within offense. In support of his contention, defendant relies on *People* v. *Simpson* (1981) 120 Cal.App.3d 772 [174 Cal.Rptr. 790] and *People* v. *Penner* (1980) 111 Cal.App.3d 168 [168 Cal.Rptr. 431], cases in which presentence credit was given for time in custody following a revocation of state parole "attributable to proceedings related to the same conduct for which the defendant had been convicted." (Pen. Code, § 2900.5, subd. (b).) Here

the record does not disclose the precise reasons why defendant's parole was revoked, only that it was on August 28, 1980. The record does indicate that there were three discrete reasons why federal authorities sought defendant's apprehension as a parole violator. One of those was his involvement in the robbery of which he was convicted in these proceedings. We shall not speculate that was the sole reason for revocation. If, as seems likely, revocation was also based on the other reasons for defendant's apprehension cited in the federal bench warrant, defendant is not entitled to presentence credit for time served in federal custody. The reasons why he is not were succinctly explained in *People* v. *Luna* (1982) 130 Cal.App.3d 550 [181 Cal.Rptr. 833], where the court, responding to an identical contention on similar facts held: "No way." (At p. 551.) By way of amplification the court stated: "Whatever one may think of the rationale of *People* v. *Penner* (1980) 111 Cal.App.3d 168 [168 Cal.Rptr. 431] and the majority opinion in *People* v. *Simpson* (1981) 120 Cal.App.3d 772 [174 Cal.Rptr. 790], both of which cases allow presentence credit when the parole revocation is based on the newly charged crime, this case is factually distinguishable. It is not controlled by those cases.

"Here the defendant was not only on parole at the time of arrest, he was a parole absconder. The revocation of parole was not 'attributable to the proceedings related to the same conduct for which the defendant had been convicted.' (Pen. Code, § 2900.5) As the trial court properly noted, the defendant had been violated for five reasons, only one of which was the instant burglary charge. Even had the defendant not committed this offense, he was subject to parole revocation. Thus, he had no 'liberty' interest which was being protected while he was in custody. He is not entitled to presentence credit." (*People* v. *Luna, supra,* at pp. 551-552.)

On the basis of the showing made, the trial court did not err in denying defendant credit for time served on his federal sentence.

Defendant contends in his reply brief that the court erred in imposing sentence for the instant offense consecutively to the federal term. He cites *People* v. *Mathews* (1980) 102 Cal.App.3d 704 [162 Cal.Rptr. 615], for the proposition that a period of incarceration imposed following parole revocation is not a "term of imprisonment" to which a subsequent sentence may run consecutively. (P. 713.)

*Mathews* reached this conclusion on the strength of its determination that under California law (Pen. Code, § 3000, subd. (a)), a term of imprisonment expires and is completed upon release on parole. (See *People* v. *Espinoza* (1979) 99 Cal.App.3d 59, 72-73 [159 Cal.Rptr. 894].)

Federal parole is distinguished in that upon release the term remains "unexpired" (18 U.S.C.A. § 4210 (b)(2)) and when parole is revoked a defendant serves "the remainder of his federal sentence." (Fn omitted; *Saulsbury* v. *United States* (5th Cir. 1979) 591 F.2d 1028, 1031.) ■ The *Mathews* rule barring sentences consecutive to terms following state parole revocation does not bar a state sentence consecutive to a federal term following parole revocation, "because the federal sentence is fundamentally different in nature from that of the state." (*People* v. *Veasey* (1979) 98 Cal.App.3d 779, 791 [159 Cal.Rptr. 755].)

The judgment is affirmed.

Blease, J., and Carr, J., concurred.