[Crim. No. 6676. Fifth Dist. Mar. 18, 1983.]

In re KEITH LOUIS WRIGHT on Habeas Corpus.

---

---

---

**COUNSEL**

Keith Louis Wright, in pro. per., for Petitioner.

George Deukmejian, Attorney General, Robert H. Philibosian, Chief Assistant Attorney General, Arnold O. Overoye, Assistant Attorney General, and Robert D. Marshall, Deputy Attorney General, for Respondent.

---

**OPINION**

**THE COURT.**\*—Petitioner seeks a writ of habeas corpus granting appropriate presentence credits upon his prison commitment.

### *Facts*

On December 10, 1981, petitioner was arrested upon a parole violation and also for possession of drugs seized that date.

On December 23, 1981, petitioner waived his right to a parole revocation hearing upon five separate parole violation charges, including possession of methamphetamines on December 10, 1981. Based upon this waiver, the parole authorities ordered petitioner returned to custody for 12 months. Although the record does not indicate that petitioner's parole was formally revoked, we shall presume such a revocation occurred on or about December 23, 1981, and that it was grounded upon all five parole violations charged.

On May 24, 1982, petitioner pled guilty to possession of methamphetamines for sale on December 10, 1981. On June 21, 1982, he was sentenced to prison upon this offense for three years without presentence credits.

Petitioner was in continuous custody from December 10, 1981, until June 21, 1982, a period of 194 days.

---

*Before Brown (G. A.), P. J., Hanson, (P. D.), J., and Woolpert, J.

*Discussion*

■ Petitioner is entitled to 194 days credit pursuant to Penal Code section 2900.5 and 97 days credit pursuant to Penal Code section 4019. (*In re Anderson* (1982) 136 Cal.App.3d 472 [186 Cal.Rptr. 269].)

We respectfully decline to follow *People* v. *Boney* (1982) 136 Cal.App.3d 744 [156 Cal.Rptr. 811] and *People* v. *Luna* (1982) 130 Cal.App.3d 550 [181 Cal.Rptr. 833]. If a defendant is entitled to credit for time served after his parole has been revoked solely for a new offense, as we held in *Anderson,* he should also be entitled to such credit if the new charge is one of several grounds for parole revocation. This is so because a revocation upon multiple grounds necessarily is attributable to each and every such ground. A contrary conclusion in substance holds that an express ground for parole revocation is not a proximate cause of the revocation.

The determinative issue is whether the grounds for parole revocation should be considered at all in deciding whether custody after revocation is attributable to the new offense. It is arguable that upon revocation of parole the defendant is thereafter serving time solely upon the parole offense regardless of the reason for parole revocation. However, we feel constrained to follow *Anderson*'s affirmative answer to the determinative issue. Our Supreme Court has the problem before it, and should provide a definitive answer soon.

A peremptory writ of habeas corpus is proper and should issue. (See *Goodenough* v. *Superior Court* (1971) 18 Cal.App.3d 692, 697 [96 Cal.Rptr. 165]; *Bolles* v. *Superior Court* (1971) 15 Cal.App.3d 962, 963 [93 Cal.Rptr. 719].)

Let a peremptory writ of habeas corpus issue directing the Stanislaus County Superior Court to amend its judgment and abstract thereof in action No. 180750 to grant defendant Keith Louis Wright 194 days presentence credit and 97 days conduct credit for a total of 291 days credit against his prison commitment in said action and to forward a copy of the amended abstract of judgment to the California Department of Corrections.

Respondent's petition for a hearing by the Supreme Court was denied June 1, 1983.