[Crim. No. 13031. Third Dist. May 4, 1984.]

THE PEOPLE, Plaintiff and Respondent, v.
RUBEN V. QUIJADA, Defendant and Appellant.

**COUNSEL**

R. Charles Johnson, under appointment by the Court of Appeal, for Defendant and Appellant.

John K. Van de Kamp, Attorney General, James T. McNally and Thomas R. Yanger, Deputy Attorneys General, for Plaintiff and Respondent.

**OPINION**

**CARR, J.**—Defendant was charged with escape from Deuel Vocational Institute (Pen. Code, § 2042), and with the theft of a truck (Pen. Code, § 487). He entered a negotiated plea whereby he admitted the escape on the condition that he would be sentenced to the lower term to be served consecutive with the state prison sentence he was then serving and the theft charge would be dismissed. Immediately after the entry of his plea, defendant was sentenced to the lower term of 16 months for the escape and the theft charge was dismissed.

On appeal defendant contends: (1) the court failed to state reasons for imposition of a consecutive sentence; and (2) he is entitled to additional presentence custody credits.

■ It is the general rule that the court is required to state its reasons for imposition of a consecutive sentence. (*People* v. *Walker* (1978) 83 Cal.App.3d 619, 622 [148 Cal.Rptr. 66].) However, there is sufficient compliance with this requirement where, as here, the court recites the plea bargain as its reason. (*People* v. *Sutton* (1980) 113 Cal.App.3d 162, 165-166 [169 Cal.Rptr. 656].)

The procedural posture under which defendant's second contention arises is as follows: Prior to his escape from Deuel Vocational Institute, defendant had been given an original release date of May 19, 1983. Following his escape on October 24, 1982, and his recapture the following day, the Department of Corrections reduced his behavior credits by 45 days and gave him a new release date of July 4, 1983. He was sentenced on the escape charge on May 31, 1983, that sentence ordered to run consecutive to that which would terminate on July 4.

■ Relying on *In re Atiles* (1983) 33 Cal.3d 805 [191 Cal.Rptr. 452, 662 P.2d 910], defendant contends that he is entitled to have his sentence for escape credited with the 45 days of behavior taken from him due to the escape. He errs and his reliance on *Atiles* is misplaced.

Atiles was on parole when he committed, inter alia, a robbery and his parole was revoked and he was sentenced to six months due in part to the robbery. He spent six months in the county jail awaiting trial on the robbery charge during which time he was unable to obtain his freedom by posting bail because of a parole revocation "hold." Upon Atiles' later conviction of the robbery he sought to credit the sentence imposed with the six months presentence custody he spent in the county jail attributable to the parole revocation. Citing that portion of Penal Code section 2900.5, subdivision (b), which provides that presentence custody "credit shall be given only where the custody to be credited is attributable to proceedings related to the same conduct for which the defendant has been convicted," the Supreme Court concluded Atiles was entitled to such credit as the six months he spent in the county jail under the parole "hold" was based on the robbery, and was thus attributable to the proceedings for which he was thereafter convicted.

The instant situation is distinguishable from *Atiles*. Atiles suffered an additional punishment of six months because he committed a robbery while on parole. Here, defendant was not given any additional punishment. Penal

Code section 2931 authorizes the Department of Corrections to reduce a prisoner's term by one-third for his good behavior and participation.[1] Defendant's initial release date of May 19, 1983, had been computed on the presumption that his conduct would entitle him to such a reduction. The consequence of defendant's having escaped was not that his original term was lengthened, rather it was that the Department of Corrections declined to reduce his sentence as it had once anticipated doing. In short, defendant did not receive any added punishment on his original sentence due to the escape; he simply came 45 days closer to serving the full sentence initially imposed.

The judgment is affirmed.

Regan, Acting P. J., and Sparks, J., concurred.

Appellant's petition for a hearing by the Supreme Court was denied June 27, 1984.

---

[1] Penal Code section 2931 provides in pertinent part: "[T]he Department of Corrections shall have the authority to reduce the term prescribed under such section by one-third for good behavior and participation . . . ."