[No. F005872. Fifth Dist. Jan. 2, 1986.]

THE PEOPLE, Plaintiff and Respondent, v.
MICHAEL JESUS DELAROSA, Defendant and Appellant.

**COUNSEL**

Winslow F. West, under appointment by the Court of Appeal, for Defendant and Appellant.

John K. Van de Kamp, Attorney General, Joel Carey and Garrett Beaumont, Deputy Attorneys General, for Plaintiff and Respondent.

**OPINION**

**THE COURT\***—Delarosa was convicted on his guilty plea of escape (Pen. Code, § 4530, subd. (b)). He was sentenced to prison for the 16-month

---

\*Before Brown (G. A.), P. J., Martin, J., and Fitch, J.†

†Assigned by the Chairperson of the Judicial Council.

lower base term to run consecutively to the concurrent state prison sentences that he was then serving for three counts of forgery. The sentencing judge awarded 91 days credits, representing the credits which the instant escape caused him to lose on his forgery sentences. On this appeal, Delarosa contends that, instead of 91 days, he should have received presentence actual time and conduct credits for the period from his February 2, 1985, arrest on the escape charge until his June 11, 1985, sentencing on the escape. Our review of the record persuades us that on no theory was Delarosa entitled to credits against his escape term.

The pertinent facts show that on November 11, 1984, Delarosa arrived at the Turning Point, described in the probation officer's report as a resident inmate work furlough facility. His scheduled release date on the forgeries was February 6, 1985. On December 7, 1984, he escaped. He was arrested on February 2, 1985. By June 11, 1985, the date of sentencing herein, the Department of Corrections had changed his release date on the forgeries to September 7, 1985. According to defense representations not challenged by the prosecutor or probation officer and accepted by the sentencing judge, the instant escape caused Delarosa to lose 91 days credits against his forgery sentences. Delarosa also lost additional credits for other incidents.[1] Preliminarily, we agree with Delarosa that the sentencing judge improperly awarded 91 days credit to recompense him for credits lost on his forgery terms. In *People* v. *Quijada* (1984) 156 Cal.App.3d 789 [202 Cal.Rptr. 846], the court held that the defendant was not entitled to additional presentence custody credits against his escape charge in the amount equal to in-prison behavioral credits lost by reason of the escape. The court reasoned as follows: "Relying on *In re Atiles* (1983) 33 Cal.3d 805 [191 Cal.Rptr. 452, 662 P.2d 910], defendant contends that he is entitled to have his sentence for escape credited with the 45 days of behavior taken from him due to the escape. He errs and his reliance on *Atiles* is misplaced.

"Atiles was on parole when he committed, inter alia, a robbery and his parole was revoked and he was sentenced to six months due in part to the robbery. He spent six months in the county jail awaiting trial on the robbery charge during which time he was unable to obtain his freedom by posting bail because of a parole revocation 'hold.' Upon Atiles' later conviction of the robbery he sought to credit the sentence imposed with the six months presentence custody he spent in the county jail attributable to the parole

---

[1] It appears that Delarosa lost about two months credits for reasons other than the escape. When he escaped on December 7, 1984, he had almost two months (or until February 6, 1985) remaining until parole. Had he suffered no lost credits, then presumably he would have been released about 60 days after his February 2, 1985, arrest, around April 5, 1985. The five-month extension of his release date until September 7, 1985, included about three months due to the escape, leaving two months for other reasons.

revocation. Citing that portion of Penal Code section 2900.5, subdivision (b), which provides that presentence custody 'credit shall be given only where the custody to be credited is attributable to proceedings related to the same conduct for which the defendant has been convicted,' the Supreme Court concluded Atiles was entitled to such credit as the six months he spent in the county jail under the parole 'hold' was based on the robbery, and was thus attributable to the proceedings for which he was thereafter convicted.

"The instant situation is distinguishable from *Atiles*. Atiles suffered an additional punishment of six months because he committed a robbery while on parole. Here, defendant was not given any additional punishment. Penal Code section 2931 authorizes the Department of Corrections to reduce a prisoner's term by one-third for his good behavior and participation.[1] Defendant's initial release date of May 19, 1983, had been computed on the presumption that his conduct would entitle him to such a reduction. The consequence of defendant's having escaped was not that his original term was lengthened, rather it was that the Department of Corrections declined to reduce his sentence as it had once anticipated doing. In short, defendant did not receive any added punishment on his original sentence due to the escape; he simply came 45 days closer to serving the full sentence initially imposed." (*Id.*, at pp. 791-792.)

Footnote 1 provides: "'1Penal Code section 2931 provides in pertinent part: '[T]he Department of Corrections shall have the authority to reduce the term prescribed under such section by one-third for good behavior and participation . . . .'"

■  To the extent that the sentencing judge purported to award 91 days credit on the theory disapproved in *Quijada,* he imposed an unauthorized sentence (*People* v. *Macias* (1979) 93 Cal.App.3d 788, 792 [156 Cal.Rptr. 104]), which this court may correct, even though the People have not appealed. (*People* v. *Massengale* (1970) 10 Cal.App.3d 689, 693 [89 Cal.Rptr. 237].)

■  We turn to Delarosa's theory that he is entitled to presentence credits for the entire period between his February 2, 1985, arrest and his June 11, 1985, sentencing on the escape. In *In re Atiles, supra,* 33 Cal.3d 805, our Supreme Court explained: "In determining whether custody for which credit is sought under section 2900.5 is 'attributable to proceedings leading to the conviction,' the sentencing court is not required to eliminate all other possible bases for the defendant's presentence incarceration. The court need only determine that the defendant was not already serving a term for an unrelated offense when restraints related to the new charge were

imposed on him, and the conduct related to the new charge is a basis for those restraints.[5]" (*Id.* at p. 810, fn. omitted.)

Applying this test, we find that Delarosa was already serving terms for offenses unrelated to the instant escape when he was arrested for escape. But for the escape arrest, he would not have been legitimately at liberty. When he escaped on December 7, 1984, Delarosa had two more months to serve on the forgeries. When he was arrested on February 2, 1985, the forgery sentence remained to be completed. Thus, he was not entitled to credits on the escape beginning with his arrest date, because he was serving unrelated terms.

In the interim between February 2, 1985, and June 11, 1985, the Department of Corrections reduced Delarosa's behavioral credits, extending his release date to September 7, 1985. Thus, throughout the entire presentence incarceration on the escape, Delarosa continued to serve the preexisting forgery sentences and never accrued presentence credits against the escape. (See *In re Rojas* (1979) 23 Cal.3d 152 [151 Cal.Rptr. 649, 588 P.2d 789].)

In short, Delarosa's custody between February 2, 1985, and June 11, 1985, was not attributable to proceedings related to the escape within the meaning of Penal Code section 2900.5, subdivision (b). **(3)** (See fn. 2.) This being the case, he was entitled to neither actual time nor conduct credits for this period.[2]

As noted above, the award of 91 days credits was unauthorized, and this court will modify the judgment to delete such credits.

The judgment is modified to provide that Delarosa shall receive no presentence credits in Kern County Superior Court action No. 28930. The trial court shall prepare an amended abstract of judgment that reflects said mod-

---

[2]Because Delarosa's presentence custody was not attributable to the escape charge, he was *not entitled to presentence conduct credits for this period.* In addition, Delarosa is under the mistaken impression that, on top of actual time credits, a defendant receives "conduct credits" at a rate of one-day credit for two-days actual time, *plus* good-time credits, *plus* work-time credits. "Conduct credits" subsumes both good-time and work-time credits. The amount of combined credits earned under the formula of Penal Code section 4019 is, in effect, one day credit for each two days served.

ification and forward a certified copy of same to the appropriate authorities. As so modified, the judgment is affirmed.