[No. B008309. Second Dist., Div. Five. Dec. 10, 1985.]

THE PEOPLE, Plaintiff and Respondent, v.
LENNAL KHABIR SHABAZZ, Defendant and Appellant.

COUNSEL

Norman W. de Carteret, under appointment by the Court of Appeal, for Defendant and Appellant.

John K. Van de Kamp, Attorney General, Robert R. Anderson and Laura E. Dana, Deputy Attorneys General, for Plaintiff and Respondent.

OPINION

**ASHBY, Acting P. J.**—Upon his conviction of two counts of forgery, appellant was sentenced to state prison. At the time of sentencing he was granted certain credits pursuant to Penal Code section 2900.5 for pretrial time in custody. Subsequently the court amended the judgment to delete the credits. Appellant requested the court to vacate the latter order and restore the credits. He appeals from the trial court's order denying that motion.

We hold the trial court properly amended the judgment to delete the credit because under *In re Rojas* (1979) 23 Cal.3d 152 [151 Cal.Rptr. 649, 588 P.2d 789], appellant could not be given credit for time spent in custody because he was already serving a term of incarceration for a prior conviction.

We set forth a chronology of the pertinent events.[1]

On December 7, 1981, appellant was sentenced by the United States District Court, Southern District of California, to a term of seven years in the federal penitentiary for interstate transportation of forged securities.

On January 5, 1982, having pleaded guilty to four counts of receiving stolen property, grand theft and forgery in Los Angeles Superior Court case No. A083099 (not the instant case), appellant was sentenced by the superior court to a term of four years in the state prison. The court ordered that the

---

[1]In addition to the record on appeal as augmented to include the original sentencing proceedings and probation officer reports, we consider not only the brief filed by appellant's appointed counsel but also a supplemental brief filed by appellant in pro. per.

term be concurrent with appellant's federal term and that it could be served in a federal institution.

On October 25, 1982, appellant escaped from the federal prison where he was serving his sentences.

On January 13, 1983, appellant was arrested in West Hollywood when he attempted to cash a check made payable to him on the account of a bank depositor whose checkbook had been stolen. He was charged with that and other offenses in a nine-count information in the present case, Los Angeles Superior Court No. A086340.

On May 26, 1983, after pleading guilty to two of the counts involving forgery, appellant was sentenced to a term of sixteen months in state prison, consecutive to No. A083099.

At the time of sentencing, the court was aware of appellant's escape from prison but nevertheless held that he was entitled to credit for his period of custody "from the date of his arrest on this case to the present time," i.e., from January 13, 1983, to May 26, 1983, which was 135 days. The court therefore awarded appellant credit of 202 days (135 days of actual custody, plus 67 days for conduct credits) against his sentence in this case. These are the credits which are in controversy in this appeal.[2]

On April 10, 1984, the Department of Corrections wrote to the trial judge stating that, appellant having been sentenced to state prison in No. A083099 on January 5, 1982, received by the Director of Corrections on February 15, 1982, having escaped on October 25, 1982, and having been apprehended on January 13, 1983, "It is our understanding Mr. Shabazz is not entitled to receive credit for any time spent in custody after January 13, 1983, as on that date he continued to serve his State Prison sentence on Los Angeles County Case A083099 (In Re Rojas, 23 Cal.3d 152)."

On April 26, 1984, the trial court amended the judgment to delete the credits on the ground that "Credits are not available pursuant to letter from Department of Corrections dated 4-10-84 indicating that defendant was an escaped prisoner sentenced in A083099 at the time of commission of these offenses."

On October 16, 1984, appellant, from the California Institution for Men in Alpine, California, mailed to the trial court his "Ex-Parte Application

---

[2]At the time appellant was originally sentenced in the prior case, No. A083099, he was awarded credit of 180 days (120 days actual custody, plus 60 days for conduct) on that case. It is agreed appellant has properly been credited with 180 days on No. A083099, and that only the additional 202 days in the instant case are in issue.

FOR FULL CREDITING OF BACK TIME PER PENAL CODE SS, 2900.5 & 4019, AND MOTION TO VACATE 'NUNC PRO TUNC" ORDER OF APRIL 26, 1984, AND MEMORANDUM OF POINTS AND AUTHORITIES AND ATTACHED EXHIBITS."

On October 17, 1984, the trial court denied appellant's application and motion.

On October 24, 1984, appellant appealed the trial court's order denying appellant's motion.

## DISCUSSION

Appellant's arguments may be divided into two categories: (1) whether *In re Rojas* is applicable so as to preclude credit for this period of custody and (2) issues relating to the procedure of amending the judgment.

■ Penal Code section 2900.5, subdivision (b), provides in pertinent part: "For the purposes of this section, credit shall be given only where the custody to be credited is attributable to proceedings related to the same conduct for which the defendant has been convicted."

*In re Rojas, supra,* 23 Cal.3d at pages 155-156, interpreted this provision to mean that "a defendant is not to be given credit for time spent in custody if during the same period he is already serving a term of incarceration."

The trial court properly concluded that *Rojas* precludes granting credit in the instant case (No. A086340) for the period of custody between January 13 and May 26, 1983. The reason is that until he escaped appellant was already serving a term of imprisonment in the prior case, No. A083099. Once he was taken back into custody on January 13, 1983, in West Hollywood, he was in the constructive custody of the Director of Corrections serving his sentence in No. A083099. (*In re Hodges* (1979) 89 Cal.App.3d 221, 226 [152 Cal.Rptr. 394]; Pen. Code, §§ 2620, 2900, subd. (c)(2).) As we shall discuss, it is coincidental that appellant's commission of one of the instant offenses provided the occasion and opportunity to retake him into custody. As a matter of law, he was again serving his term of incarceration in No. A083099 and was not entitled to credit against the instant sentence.

■ Appellant contends that although an escapee, he was in fact at liberty until his arrest on January 13 on charges involved in the instant case and that therefore the instant proceeding "caused" his loss of liberty. He contends that under *In re Atiles* (1983) 33 Cal.3d 805, 809 [191 Cal.Rptr. 452, 662 P.2d 910], the only issue is whether the new charges caused him to

lose his liberty and that therefore his custody in the county jail was literally attributable to proceedings relating to the instant sentence. This argument is without merit because *In re Atiles, supra,* as well as the cases discussed therein, involve a prisoner who was on parole. Appellant's position as an escapee is entirely different from the position of parolees discussed in *Atiles.* The reasoning of the court in *Atiles* was that "as in each of these cases, petitioner was not serving his term when arrested. He was on parole. The conduct which led to his arrest and conviction on the new criminal charge also formed a basis for the parole hold and subsequent revocation proceedings." (*In re Atiles, supra,* 33 Cal.3d at p. 809.) The new conduct was a violation of parole which caused the legitimate liberty granted by parole to be revoked. Appellant, on the other hand, was a recaptured escapee, and he was required to resume his term of incarceration under No. A083099 without any regard to whether he committed, or was convicted of, new offenses. (*People* v. *Penner* (1980) 111 Cal.App.3d 168, 171-172 [168 Cal.Rptr. 431].)[3] Therefore, appellant was serving a term of incarceration on No. A083099 and was not entitled to credit against his sentence in the instant case.[4]

We turn next to procedural issues raised by appellant. Appellant suggests first that, having originally granted the credits at the time of sentencing, the court had no power to amend the judgment later to correct the error.

■ There is no merit to this contention. Appellant correctly asserts that a trial court has a duty at the time of sentencing to determine the number of days of custody for which the defendant may be entitled to credit. (Pen. Code, § 2900.5, subd. (d); Cal. Rules of Court, rule 252.) The court complied with these provisions, for the court was aware of appellant's prior conviction, his escape, and his actual time in custody of 135 days. ■ Whether appellant was entitled to credit under the facts found was a question of law as to which the court had no sentencing discretion. ■ The court originally granted the credits under an erroneous impression of law. Including the credits in appellant's sentence resulted in a sentence which was not

---

[3]Appellant's pro. per. supplemental brief asserts that he was never in the "physical custody" of the Department of Corrections, that no "holds or detainers" were placed against him, that no escape charges were filed, and that he was in custody because he could not make bail on the new charges. These assertions are both factually erroneous (at the time of sentencing, the trial court referred specifically to a federal warrant) and legally irrelevant. Legally appellant was in the constructive custody of the Director of Corrections serving his term of incarceration in No. A083099. (Pen. Code, § 2900, subds. (b)(2), (c)(2); cf. *People* v. *Underwood* (1984) 162 Cal.App.3d 420, 424-425 [208 Cal.Rptr. 623].)

[4]Furthermore, since appellant would be entitled to credit for this period against his sentence in No. A083099, to accept his argument and also grant him credit against his sentence in the instant case would violate the provision of Penal Code section 2900.5, subdivision (b), that "[c]redit shall be given only once for a single period of custody attributable to multiple offenses for which a consecutive sentence is imposed."

authorized by law, and which therefore could be corrected at any time when brought to the attention of the court. (*People* v. *Macias* (1979) 93 Cal.App.3d 788, 791-792 [156 Cal.Rptr. 104]; *People* v. *Brite* (1983) 139 Cal.App.3d 950, 955-956 [189 Cal.Rptr. 283].)

█    Appellant next contends that upon receiving the letter from the Department of Corrections the trial court violated appellant's right to due process by amending the judgment without first holding a hearing at which appellant could be present and represented by an attorney. There is likewise no merit to this contention. As just discussed, only a question of law was involved; the pertinent facts had been found at the time of the original sentencing when appellant had a hearing and was represented by counsel. When the court's error of law was drawn to its attention by the subsequent letter from the Department of Corrections, the court had no choice but to correct the sentence, which was otherwise unauthorized by law. (*People* v. *Massengale* (1970) 10 Cal.App.3d 689, 693 [89 Cal.Rptr. 237].)

Since appellant was already in prison serving two other substantial sentences, no immediate loss of liberty was caused by the court's correction of the judgment. Under all the circumstances appellant's due process rights are fully protected by the instant opportunity for appellate review of the trial court's action.

The order denying appellant's motion to reinstate credits deleted by the April 26, 1984, order and to vacate the April 26 order is affirmed.

Hastings, J., and Eagleson, J., concurred.

Appellants' petitions for review by the Supreme Court were denied February 27, 1986.