Filed 11/25/13  P. v. Powe CA3

NOT TO BE PUBLISHED

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

THIRD APPELLATE DISTRICT

(Sacramento)

----

| | |
|---|---|
| THE PEOPLE,<br><br>    Plaintiff and Respondent,<br><br>    v.<br><br>ANDRE ANTHONY POWE,<br><br>    Defendant and Appellant. | C072192<br><br>(Super. Ct. No. 10F00629) |

A jury found defendant Andre Anthony Powe guilty of second degree murder and unlawful possession of a weapon.  The trial court sentenced defendant to a term of 43 years to life in prison.  Defendant appeals the judgment, contending the trial court erroneously denied him presentence custody credit for time served.  The People properly concede.

BACKGROUND

Given the nature of defendant's claim on appeal, a detailed recitation of the underlying facts and procedural history is unnecessary.  Suffice it to say that in the course

1

of a drug deal, defendant shot and killed Shawn West. Defendant was arrested on January 29, 2010, a few days after the shooting.

An information charged defendant with murder, attempted second degree robbery of Shawn West, possession of a sawed off shotgun, and robbery of Jonathan McNeal. The information also alleged as a special circumstance that the murder was committed in the attempted commission of a robbery. It also alleged as enhancements as to the murder and attempted robbery charges that defendant was armed with a firearm, personally and intentionally discharged a firearm causing death, and as to the robbery of McNeal that defendant personally used a firearm.

The jury found defendant guilty of second degree murder and unlawfully possessing a weapon, and found true the allegation he had personally and intentionally discharged a firearm causing death. The jury found defendant not guilty of attempted robbery or robbery. On September 28, 2012, the trial court sentenced defendant to an aggregate term of 43 years to life. The trial court noted defendant had served 974 days in custody but found he was "entitled to no custody credits given the nature of the crime."

DISCUSSION

Defendant contends and the People concede that he was entitled to credit for the time served in custody between his arrest and sentencing. Convicted murderers are not entitled to presentence conduct credits. (§ 2933.2, subd. (a); *People v. Herrera* (2001) 88 Cal.App.4th 1353, 1366-1367.) A defendant convicted of murder is, however, entitled to credits for time spent in actual custody prior to sentencing. (*Herrera, supra,* 88 Cal.App.4th at p. 1366.) When, as here, the facts are undisputed, a defendant's entitlement to custody credits presents a question of law for the appellate court's independent review, since the trial court has no discretion in awarding custody credits. (*People v. Shabazz* (1985) 175 Cal.App.3d 468, 473.) The trial court's failure to award the proper amount of credits is an unauthorized sentence which may be corrected at any

time.  (*In re Reeves* (2005) 35 Cal.4th 765, 774.)  We will order the judgment modified to reflect an award of 974 days' actual presentence custody credits.

DISPOSITION

The judgment is modified to award defendant 974 days' presentence custody credit.  The trial court is directed to prepare an amended abstract of judgment reflecting this modification and forward a certified copy to the Department of Corrections and Rehabilitation.  As modified, the judgment is affirmed.

                                        ROBIE             , Acting P. J.


We concur:


      BUTZ             , J.


      HOCH             , J.

3