Filed 1/13/21  P. v. Duran CA4/1

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

COURT OF APPEAL, FOURTH APPELLATE DISTRICT

DIVISION ONE

STATE OF CALIFORNIA

| | |
|---|---|
| THE PEOPLE,<br><br>    Plaintiff and Respondent,<br><br>    v.<br><br>ANGEL DURAN,<br><br>    Defendant and Appellant. | D077259<br><br><br><br>(Super. Ct. No. SCS290869) |

APPEAL from a judgment of the Superior Court of San Diego County, Dwayne K. Moring, Judge.  Affirmed.

Sheila O'Conner, under appointment by the Court of Appeal, for Defendant and Appellant.

Xavier Becerra, Attorney General, Lance E. Winters, Chief Assistant Attorney General, Julie L. Garland, Assistant Attorney General, Arlene A. Sevidal and Susan Elizabeth Miller, Deputy Attorneys General, for Plaintiff and Respondent.

## FACTUAL BACKGROUND

On December 15, 2016, defendant Angel Duran lunged with a screwdriver at Anthony S., who was waiting for his son in a parking lot. Anthony S. was able to move out of the way, then held defendant's arm until he dropped the screwdriver. The police were called and defendant was arrested.

## PROCEDURAL BACKGROUND

On November 27, 2017, a jury found defendant guilty of one count of assault with a deadly weapon (Pen. Code,[1] § 245, subd. (a)(1)); and found true that in the commission of the offense, defendant personally used a deadly and dangerous weapon (§ 1192.7, subd. (c)(23)). Defendant also admitted a strike prior (§§ 667, subds. (b-i), 1170.12 & 668); a serious felony prior (§§ 667, subd. (a)(1), 668 & 1192.7, subd. (c)); four prison priors (§ 667.5, subd. (b)); and five probation denial priors (§ 1203, subd. (e)(4)).[2]

On March 19, 2018, defendant was sentenced to 14 years in prison. He was awarded a total of 920 credits, which included 460 days of actual credit, and 460 days of good behavior credit. (See § 4019, subd. (b)). Defendant appealed.

On April 24, 2019, in case No. D073804, this court affirmed the judgement but remanded the case for resentencing to allow the trial court to exercise its discretion to strike the enhancement under newly amended section 667, subdivision (a) and Senate Bill No. 1393.

---

[1]　All further statutory references are to the Penal Code.

[2]　This court previously granted defendant's request to take judicial notice of the previous appeal in *People v. Duran* (Apr. 24, 2019, D073804 [nonpub. opn.]).

A resentencing hearing was held February 4, 2020.  At that time, the trial court declined to strike defendant's serious felony enhancement.  The court awarded defendant custody credits, which included the good behavior credits he had earned since his original sentence.  He was awarded 515 actual credits and 514 days of good behavior credits.

Defendant filed a notice of appeal on February 10, 2020.

On August 4, 2020, defendant filed a letter with the trial court pursuant to section 1237.1, alleging the trial court's calculation of presentence custody credits awarded at the resentencing hearing was incorrect.  He urged the court had not awarded all actual days spent in custody from his February 4 resentencing.  He requested the trial court amend the abstract of judgement to show the correct number of days.  He asserted the trial court could do so even though this appeal was pending.

On August 26, 2020, the trial court issued a written order denying defendant's request to correct the credits.  The court cited *People v. Delgado* (2012) 210 Cal.App.4th 761 (*Delgado*), for the proposition that section 1237.1 did not apply to the alleged credit error in this case.

## DISCUSSION

Defendant's sole contention on appeal is that the trial court's reliance on *Delgado* was misplaced.  The People agree, and add that the court also erred by awarding defendant good behavior credits between the time of his initial sentencing and his February 4 resentencing.

The parties agree that a defendant is entitled to credit for all days spent in custody while awaiting trial and sentencing.  This includes credit for time up to and including the date the sentence was imposed.  (See § 2900.5, subd. (a) [providing in part:  "In all felony and misdemeanor convictions, either by plea or by verdict, when the defendant has been in custody . . . all

3

days of custody of the defendant, including days served as a condition of probation in compliance with a court order . . . shall be credited upon his or her term of imprisonment"].)  Presentence credit begins to accrue on the first day of custody, which in many cases includes the day of arrest.  (*Ibid.*; see *People v. Rajanayagam* (2012) 211 Cal.App.4th 42, 48.)

As the People note, where, as here, a remand results in modification of a felony sentence during a term of imprisonment, the trial court must calculate the actual time the defendant has already served, and credit that time against the "subsequent sentences."  (§ 2900.)  But the court should not award good conduct presentence custody credits.  (*People v. Buckhalter* (2001) 26 Cal.4th 20, 22–23 (*Buckhalter*) [concluding that where, as here, a defendant is resentenced, the sentencing court must calculate the actual time the defendant has already served and credit that time against the modified sentence; that "a convicted felon once sentenced, committed, and delivered to prison is not restored to presentence status, for purposes of the sentence-credit statutes, by virtue of a limited appellate remand for correction of sentencing errors"; and therefore, that the defendant "cannot earn good behavior credits under the formula specifically applicable to persons detained in a local facility, or under equivalent circumstances elsewhere, 'prior to the imposition of sentence' for a felony"].)  Thus, when a trial court modifies a defendant's sentence on appellate remand, it must recalculate custody credits and must in the new abstract of judgement credit defendant with all actual days he or she spent in custody, whether in jail or prison, up to that time.  (*Id.* at p. 37.)

Among the errors correctible at any time by the trial court is an erroneous grant or denial of presentence credits.  (*People v. Shabazz* (1985) 175 Cal.App.3d 468, 473–474.)  Here, at defendant's initial sentencing on

4

March 19, 2018, the trial court awarded defendant a total of 920 credits. This included 460 days of conduct credit under section 4019, subdivision (b). At his February 4, 2020 resentencing, the trial court awarded defendant 1029 total credits for the time between the initial sentencing and resentencing hearing, which included 515 actual credits and 514 good conduct credits.

This calculation is incorrect. As the People correctly point out, the actual days between and including March 19, 2018 and February 4, 2020, is 688 days, rather than the 515 days that were awarded. The People also correctly point out that the trial court should not have awarded defendant 514 days of good behavior credits. (See *Buckhalter, supra*, 26 Cal.4th at p. 22.)

In summary, in 2018, defendant was sentenced to 14 years in prison. At that time, his credits were calculated as 460 actual credits and 460 good conduct credits. At the time of his February 4 resentencing, he should have received an additional 688 days of actual credit, and *no* additional good time credit. (See *Buckhalter, supra*, 26 Cal.4th at p. 22.) Thus, we conclude defendant is entitled to 1148 actual days (460 plus 688) for the time between his initial sentencing and his resentencing, and 460 good conduct days credit, for a total of 1608 days of credit from the date he was arrested until the date of his resentencing.

## DISPOSITION

The case is remanded to the trial court to correct defendant's abstract of judgement to reflect 1148 days of actual credit and 460 of good conduct credit. The court shall forward a certified copy of the amended abstract to the Department of Corrections and Rehabilitation. In all other respects, the judgment is affirmed.

BENKE, J.

WE CONCUR:


McCONNELL, P. J.


O'ROURKE, J.