Filed 2/8/21  P. v. Mitchell CA3

<u>NOT</u> <u>TO</u> <u>BE</u> <u>PUBLISHED</u>

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

THIRD APPELLATE DISTRICT

(Sacramento)

----

| | |
|---|---|
| THE PEOPLE, | C087458/C090010 |
| Plaintiff and Respondent, | (Super. Ct. No. 04F09262) |
| v. | |
| CARL DWAYNE MITCHELL, | |
| Defendant and Appellant. | |

In 2005, the trial court sentenced defendant Carl Dwayne Mitchell to an aggregate term of 384 years to life in prison.  After two appeals, defendant's sentence remained the same, though an enhancement was stricken.  Defendant then challenged the manner in which he was resentenced through three different petitions for a writ of habeas corpus in the trial court, all of which the trial court denied.  Failing with his writ petitions, defendant filed a motion to vacate the judgment (seeking to reverse the court's order denying his final writ petition), which the trial court also denied.  Defendant appealed from that order, arguing the trial court erred in denying his motion.  (Case No. C087458.)

While that appeal was pending, the California Department of Corrections and Rehabilitation (CDCR) notified the trial court of a sentencing error.  The trial court corrected that error without a hearing.  Defendant appealed from that order as well and

1

argued the trial court violated his right to due process by resentencing him without notice or a hearing.  (Case No. C090010).

We consolidated both of those appeals and resolve them here, finding the claims lack merit and affirming the judgment and orders of the trial court.

BACKGROUND

In 2005, defendant was convicted of numerous felonies and sentenced to an indeterminate term of 384 years to life in prison, which included 20 years for four prior felony convictions and 10 years for personal use of a firearm.  (*People v. Mitchell* (Mar. 8, 2007, C050014) [nonpub. opn.].)  Defendant appealed from his conviction, and in March 2007, this court concluded there was insufficient evidence to support one of the prior felony conviction enhancements.  (*Ibid.*)  Accordingly, we vacated defendant's sentence and remanded the matter for resentencing.  (*Ibid.*)

In July 2007, with defendant and counsel present, the trial court vacated the true finding as to the relevant prior felony conviction, finding "this does not change the sentence previously imposed on 6/6/05, therefore the aggregate indeterminate term of 204 yrs to life and the determinate term of 180 yrs is affirmed."  The court did not prepare an amended abstract of judgment.

Defendant appealed from that order as well, and in November 2008, this court concluded the trial court erred in failing to recalculate defendant's sentence on remand, as directed in the prior appeal.  (*People v. Mitchell* (Nov. 18, 2008, C058042) [nonpub. opn.].)  We again vacated defendant's sentence and remanded the matter with the following directions to the trial court:  "the trial court is directed to recalculate defendant's sentence in light of the prior decision by this court that the prosecution proved only three prior serious felony convictions under [Penal Code] section 667, subdivision (a).  After recalculating defendant's sentence, the trial court is further directed to prepare an amended abstract of judgment that accurately reflects defendant's convictions and his sentence, and deliver the amended abstract of judgment to the

2

Department of Corrections and Rehabilitation. The judgment is otherwise affirmed." (*Id.* at p. 6.)

On March 20, 2009, the trial court recalculated defendant's sentence to an aggregate indeterminate term of 174 years to life in prison. The court affirmed the "[b]alance" of defendant's sentence. In addition, the court directed an amended abstract of judgment be prepared and sent to the CDCR. Copies of the amended abstract of judgment, along with the March 20, 2009, minute order were also sent to defendant.

Three days later, the trial court amended the March 20, 2009, minute order to include 150 years for sentencing enhancements (10 years for the firearm enhancements, 15 years for the prior serious felony convictions, applied to each of the nine counts) for a total aggregate term of 324 years to life in prison. The amended minute order and a second amended abstract of judgment were delivered to defendant; the second amended abstract of judgment was also sent to the CDCR.

On April 10, 2009, defendant filed a petition for writ of habeas corpus in the trial court. In a detailed, written order, the trial court denied the petition.

On December 14, 2015, defendant filed a second petition for writ of habeas corpus in the trial court. In a detailed, written order, the trial court denied the petition as untimely and successive.

On April 13, 2018, defendant filed a third petition for a writ of habeas corpus in the trial court. The trial court denied the petition again, finding it untimely and successive.

On June 12, 2018, defendant filed a motion to vacate the judgment in the trial court, seeking to vacate the court's April 13, 2018, order denying his third petition for a writ of habeas corpus. The trial court denied this motion as well. Defendant appealed from that order. (Case No. C087458.)

On June 3, 2019, while defendant's appeal in C087458 was pending, the CDCR alerted the trial court to a possible sentencing error. The CDCR noted the trial court

erred in imposing the prior felony sentencing enhancements to each of defendant's convictions. The CDCR advised the trial court that status-based enhancements, like prior felonies, are to be imposed only once, to the entire determinate term. Thus, the correct sentence, the CDCR expressed, should be 174 years to life plus 75 years, not 174 years to life plus 150 years.

On June 19, 2019, the trial court prepared an amended abstract of judgment, correcting its error and reflecting defendant's aggregate sentence to be 174 years to life plus 75 years. Defendant appealed from that order as well. (Case No. C090010). We subsequently consolidated both pending appeals.

## DISCUSSION

### I

#### *Appeal No. C087458*

Defendant moved to vacate the trial court's order denying his third writ of habeas corpus. The court denied his motion. Defendant appeals from that order and argues in the alternative that we treat the appeal as one from a writ of coram nobis. We conclude the order is not appealable and defendant failed to meet the requirements for a writ of coram nobis.

### A

#### *Motion To Vacate*

" '[A]n order is not appealable unless declared to be so by the Constitution or by statute. [Citations.]' [Citation.] Stated simply, a criminal appeal by the defendant may be taken only from 'a final judgment of conviction' [citations] or from 'any order made after judgment, affecting the substantial rights' of the party [citations]." (*People v. Gallardo* (2000) 77 Cal.App.4th 971, 980; see Pen. Code, § 1237.) "A ruling denying a motion to vacate judgment would qualify semantically as an order after judgment affecting substantial rights, but such an order ordinarily is not appealable when the appeal would merely bypass or duplicate appeal from the judgment itself. [Citation.] 'In such a

4

situation appeal from the judgment is an adequate remedy; allowance of an appeal from the order denying the motion to vacate would virtually give defendant two appeals from the same ruling and, since there is no time limited [*sic*] within which the motion may be made, would in effect indefinitely extend the time for appeal from the judgment.' " (*Gallardo*, at pp. 980-981, fn. omitted.)  This general prohibition has exceptions.  (*Id*. at p. 981.)  Defendant, however, does not argue that his appeal falls within any of those exceptions.

"A [defendant] currently has no right to appeal from a superior court denial of habeas corpus relief.  Instead, review is obtained by filing a new habeas corpus petition in a higher court." (*Briggs v. Brown* (2017) 3 Cal.5th 808, 836; *In re Crow* (1971) 4 Cal.3d 613, 621, fn. 8.)  Generally, this rule cannot be circumvented by moving to set aside the denial of the habeas petition, and then appealing the second denial.  (Cf. *People v. Gallardo*, *supra*, 77 Cal.App.4th at pp. 980-981.)

B

*A Writ of Error Coram Nobis*

A writ of error coram nobis applies " 'where a fact unknown to the parties and the court existed at the time of the judgment that, if known, would have prevented rendition of the judgment.' (*People v. Kim* (2009) 45 Cal.4th 1078, 1093.)" (*People v. Vasilyan* (2009) 174 Cal.App.4th 443, 453.)  An error of law "is not cognizable in a *coram nobis* proceeding." (*Ibid*.)  " 'The seminal case setting forth the modern requirements for obtaining a writ of error coram nobis is *People v. Shipman* (1965) 62 Cal.2d 226.  It stated:  "The writ of [error] coram nobis is granted only when three requirements are met. (1) Petitioner must 'show that some fact existed which, without any fault or negligence on his part, was not presented to the court at the trial on the merits, and which if presented would have prevented the rendition of the judgment.' [Citations.] (2) Petitioner must also show that the 'newly discovered evidence . . . [does not go] to the merits of issues tried; issues of fact, once adjudicated, even though incorrectly, cannot be

5

reopened except on motion for new trial.' [Citations.] This second requirement applies even though the evidence in question is not discovered until after the time for moving for a new trial has elapsed or the motion has been denied. [Citations.] (3) Petitioner 'must show that the facts upon which he relies were not known to him and could not in the exercise of due diligence have been discovered by him at any time substantially earlier than the time of his motion for the writ. . . . [Citation.] These factors set forth in *Shipman* continue to outline the modern limits of the writ.' " (*People v. Gari* (2011) 199 Cal.App.4th 510, 519, fn. omitted.)

Defendant does not satisfy these requirements. Defendant's claim on appeal is that the trial court erred by failing to have defendant present when the trial court resentenced him on remand. The court then denied his three petitions for a writ of habeas corpus, resulting in the initial error never being corrected. Whether defendant's presence is required at resentencing is a legal issue, not a factual one; it is outside the scope of coram nobis relief.

II

*Appeal No. C090010*

In June 2019, the CDCR notified the trial court of an error in the sentence imposed. The trial court corrected that error and directed an amended abstract of judgment to be prepared. In appeal No. C090010, defendant claims the court violated his right to due process by correcting the judgment without a hearing at which defendant and his counsel could be present. We disagree.

" 'Broadly stated, a criminal defendant has a right to be personally present at certain pretrial proceedings and at trial under various provisions of law, including the confrontation clause of the Sixth Amendment to the United States Constitution, the due process clause of the Fourteenth Amendment to the United States Constitution, section 15 of article I of the California Constitution, and sections 977 and 1043.' (*People v. Cole* (2004) 33 Cal.4th 1158, 1230.) That right extends to sentencing and resentencing

6

proceedings . . . . [Citation.] A criminal defendant's right to attend critical proceedings against him is subject to recognized limitations. '[I]t is well established,' for example, that there is no such 'constitutional or statutory right to be present to address purely legal questions or where [the defendant's] "presence would not contribute to the fairness of the proceeding." ' " (*People v. Simms* (2018) 23 Cal.App.5th 987, 996.)

Here, the CDCR advised the trial court that it was error to append five years for each of defendant's three prior serious felony convictions to each of defendant's convictions. Such status enhancements are to be "added only once as a step in arriving at the aggregate sentence." (*People v. Tassell* (1984) 36 Cal.3d 77, 90.) Thus, whether and how to correct the sentence was purely a legal question and defendant's presence would not have contributed to the fairness of the proceeding. (*People v. Simms*, *supra*, 23 Cal.App.5th at p. 996; see *People v. Shabazz* (1985) 175 Cal.App.3d 468, 473-474; contra, *People v. Arbee* (1983) 143 Cal.App.3d 351, 355-356 [trial court modified sentence upward to impose the upper term without notice or a hearing and without making required findings; reversed and remanded for notice and a hearing].)

DISPOSITION

The judgment and orders of the trial court are affirmed.


/s/
Robie, J.

We concur:


/s/
Hull, Acting P. J.


/s/
Murray, J.


7