Filed 3/3/22  P. v. Thompson CA4/1

# NOT TO BE PUBLISHED IN OFFICIAL REPORTS

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

## COURT OF APPEAL, FOURTH APPELLATE DISTRICT

## DIVISION ONE

## STATE OF CALIFORNIA

| | |
|---|---|
| THE PEOPLE,<br><br>    Plaintiff and Respondent,<br><br>    v.<br><br>DANNY LAWRENCE THOMPSON,<br><br>    Defendant and Appellant. | D078648<br><br><br><br>(Super. Ct. No. SCD215338-02) |

APPEAL from a judgment of the Superior Court of San Diego County, Michael S. Groch, Judge.  Reversed with directions.

John L. Staley, under appointment by the Court of Appeal, for Defendant and Appellant.

Rob Bonta, Attorney General, Lance E. Winters, Chief Assistant Attorney General, Julie L. Garland, Assistant Attorney General, and Paige B. Hazard and Steve Oetting, Deputy Attorneys General, for Plaintiff and Respondent.

In 2009, Danny Lawrence Thompson pleaded guilty to eight counts of robbery (Pen. Code, § 211),[1] admitted the truth of eight associated firearm enhancements (§ 12022.53, subd. (b)), and pleaded guilty to one count of first degree burglary (§ 460, subd. (a)). Thompson also admitted suffering a serious felony prior (§ 667, subd. (a)(1)) and multiple "strike" priors (§ 667, subd. (d)). The trial court dismissed all but one of Thompson's "strike" priors. It sentenced Thompson to a total determinate term of 40 years four months, along with several additional determinate terms that would run concurrently.

Eleven years later, the California Department of Corrections and Rehabilitation (CDCR) notified the trial court of several errors in Thompson's abstract of judgment. It also noted an error in the concurrent terms, where the court imposed one-third the middle term rather than a full term as required by statute. The CDCR informed the court that it was entitled to reconsider all of its sentencing choices under *People v. Hill* (1986) 185 Cal.App.3d 831 (*Hill*) when confronted with an illegal sentence.

Thompson contended the letter was a recommendation for recall and resentencing under former section 1170, subdivision (d)(1).[2] He argued that the court should follow the recommendation, resentence him on all counts and allegations, and apply certain more lenient sentencing laws enacted since his first sentencing. (See *In re Estrada* (1965) 63 Cal.2d 740, 744-745 (*Estrada*); *People v. Lopez* (2020) 56 Cal.App.5th 835, 845 (*Lopez*), review

---

[1]     Subsequent statutory references are to the Penal Code.

[2]     Effective January 1, 2022, the Legislature amended section 1170, subdivision (d)(1) to remove these recall and resentencing provisions. (Stats. 2021, ch. 719, § 2.) The Legislature simultaneously reenacted them, with some changes, in new section 1170.03. (Stats. 2021, ch. 719, § 3.1.)

2

granted Jan. 27, 2021, S265936.) The trial court disagreed. It found that the CDCR's letter was not a recommendation for resentencing and the court had no jurisdiction to resentence Thompson. The court resolved the illegality in Thompson's sentence by imposing the full low term for the defective concurrent terms, and it corrected several other errors in the abstract of judgment.

Thompson appeals. He challenges the court's finding that it had no jurisdiction to resentence him. We agree with Thompson. The CDCR's letter invited the court to resentence Thompson if it were confronted with an illegal sentence, citing *Hill*, *supra*, 185 Cal.App.3d 831, an opinion expressly involving former section 1170, subdivision (d). Here, as the parties appear to agree, Thompson's sentence was illegal because the court imposed concurrent one-third terms rather than concurrent full terms. This was not a mere clerical error. Concurrent terms constitute punishment and are part of a defendant's sentence. Thus, as stated by the CDCR, the trial court had the authority to recall Thompson's sentence and resentence him to resolve the illegality. (See *Hill*, at p. 834.) Although the trial court believed it had no such authority, it effectively resentenced Thompson by imposing full concurrent low terms instead of the defective one-third concurrent terms. This resentencing modified the judgment against Thompson and rendered it nonfinal for purposes of the *Estrada* rule. Because the trial court misinterpreted the scope of its authority and failed to apply the *Estrada* rule, we reverse the judgment and remand for resentencing only.

## FACTUAL AND PROCEDURAL BACKGROUND

The facts surrounding Thompson's offenses are not relevant to the disputed issues in this appeal. According to his probation report, Thompson

entered several sandwich shops, robbed the employees at gunpoint, and then forced his way into a residence while being pursued by police.

Thompson pleaded guilty to the offenses and admitted the enhancements described above. The court sentenced him to a total determinate term of 40 years four months, consisting of four years for his first robbery conviction (the low term of two years, doubled); 10 years for the associated firearm enhancement; two years for each of four additional robbery convictions (one-third the middle term of three years, doubled, totaling eight years); three years four months for each associated firearm enhancement (one-third the 10-year term, totaling 13 years four months); and five years for his serious felony prior.

The court also sentenced Thompson to several concurrent terms, which are the focus of this appeal: four years for one robbery conviction (the low term of two years, doubled); two years for each of two additional robbery convictions (one-third the middle term of three years, doubled); three years four months for each associated firearm enhancement (one-third the 10-year term); and four years for his remaining conviction for burglary (the middle term of four years).

As noted, 11 years later, the CDCR sent a letter to the trial court regarding Thompson's sentence. The letter was signed by a correctional case records analyst with the Division of Adult Institutions, Legal Processing Unit. The letter explained that the abstract of judgment and sentencing minute order "may be in error, or incomplete," for several reasons. First, the abstract of judgment did not reflect three firearm enhancements that the court included as concurrent terms in Thompson's sentence. Second, the court's treatment of several concurrent terms was incorrect. The court had ordered one-third the middle term for two robbery counts (and their

4

associated firearm enhancements), but the one-third rule applies only when the court imposes consecutive sentences. The CDCR explained, "When sentencing concurrently, the full term for the offense level and the enhancement should be imposed. The sentencing triad for this offense when doubled is 4 years, 6 years, or 8 years. The term for this enhancement is 10 years." The CDCR went on, "Please review your file to determine if a correction is required. When notified by the [CDCR] that an illegal sentence exists, the trial court is entitled to reconsider all sentencing choices, *People v. Hill* [(1986)] 185 Cal.App.3d 831." (Underlining omitted.)

The trial judge who sentenced Thompson had retired, so the matter was assigned to a different judge. The court appointed counsel for Thompson and appears to have conducted several informal conferences with the prosecution and defense counsel.

Thompson filed a motion seeking resentencing under former section 1170, subdivision (d). He contended his sentence was illegal, and therefore the court was empowered to reconsider all sentencing choices under *Hill*, *supra*, 185 Cal.App.3d 831. He further contended that, as part of the resentencing, the court should exercise its discretion to strike his firearm enhancements in the interests of justice. This discretion was not available at the time of Thompson's sentencing.

The prosecution opposed Thompson's request for resentencing. It contended the CDCR's letter was not a recommendation for resentencing under former section 1170, subdivision (d), so the trial court had no jurisdiction to resentence Thompson. It argued the court could "correct[]" the concurrent sentences, which would not change the aggregate term of imprisonment ordered by the court.

5

After hearing argument, the court denied Thompson's motion for resentencing. The court found that the letter was a "reconciliation request," not a recommendation for resentencing. The court therefore determined it had no jurisdiction to resentence Thompson. It ordered that Thompson be sentenced to full concurrent low terms, rather than one-third concurrent middle terms, and corrected various errors in the abstract of judgment. The court prepared a new abstract of judgment, and Thompson appeals.

DISCUSSION

The parties primarily dispute whether the CDCR's letter was a recommendation for recall and resentencing. (See former § 1170, subd. (d).) "Section 1170(d) is an exception to the common law rule that the court loses resentencing jurisdiction once execution of sentence has begun." (*Dix v. Superior Court* (1991) 53 Cal.3d 442, 455.) "In relevant part, subdivision (d)(1) of [former] section 1170 authorizes but does not require the trial court to recall and resentence defendants at any time after their commitment upon receipt of a recommendation for that action submitted by CDCR. If the court exercises its [discretion] to recall a sentence, it may 'resentence the defendant in the same manner as if they had not previously been sentenced, provided the new sentence, if any, is no greater than the initial sentence.' ([Former] § 1170, subd. (d)(1).) The subdivision states its purpose is to ' "eliminate disparity of sentences and to promote uniformity of sentencing," ' but our courts have long held the provision permits recall and resentencing for 'any otherwise lawful reason.' " (*People v. Williams* (2021) 65 Cal.App.5th 828, 833 (*Williams*).) The CDCR uses former section 1170, subdivision (d), to "bring to the trial court's attention sentences in need of correction (e.g., unauthorized sentences)" and also "to invite the court to recall sentences based upon equitable considerations (e.g., extending the

6

benefit of ameliorative change in the law to a defendant whose judgment is final)." (*Williams*, at p. 834.)

The CDCR letter here does not mention section 1170. It notifies the court that "the Abstract of Judgment and/or Minute Order may be in error, or incomplete" for various reasons. It invites the court to review its file to determine if a correction is required. But it goes on to inform the court, "When notified by the [CDCR] that an illegal sentence exists, the trial court is entitled to reconsider all sentencing choices," citing *Hill*, *supra*, 185 Cal.App.3d 831.

*Hill* involved a CDCR notification of an illegal sentence. (*Hill*, *supra*, 185 Cal.App.3d at p. 833.) The parties agreed "the trial court had jurisdiction to resentence pursuant to [former] section 1170, subdivision (d)." (*Hill*, at p. 833, fn. 3.) The dispute was over the scope of the court's resentencing jurisdiction. *Hill* held that the trial court is not limited to merely striking illegal portions. (*Id*. at p. 834.) It is "entitled to rethink the entire sentence to achieve its original and presumably unchanged goal." (*Ibid*.)

Under the circumstances here, as in *Hill*, the CDCR's letter was a recommendation for recall and resentencing under former section 1170, subdivision (d)(1). As the parties appear to agree, Thompson's sentence was illegal. The trial court's original sentencing minute order and abstract of judgment reflected one-third terms for several concurrent sentences, even though concurrent sentences must be imposed as full terms. (The reporter's notes of the original sentencing hearing have been destroyed.) "Because concurrent terms are not part of the principal and subordinate term computation under section 1170.1, subdivision (a), they are imposed at the full base term, not according to the one-third middle term formula, even

7

though they are served at the same time." (*People v. Quintero* (2006) 135 Cal.App.4th 1152, 1156, fn. 3 (*Quintero*).)

As the CDCR pointed out, under these circumstances, the trial court has the authority to revisit all sentencing choices. In doing so, the CDCR specifically referenced authority under former section 1170, subdivision (d). (See *Hill*, *supra*, 185 Cal.App.3d at p. 834 ["The trial court is entitled to rethink the entire sentence to achieve its original and presumably unchanged goal."].) Read in context, the CDCR's letter is a recommendation for recall and resentencing under the statute. And it was not an outlier. As noted, the CDCR has invoked former section 1170, subdivision (d) to bring such illegal sentences to the trial court's attention for correction. (See *Williams*, *supra*, 65 Cal.App.5th at p. 834.)

Resisting this conclusion, the Attorney General primarily relies on *People v. Humphrey* (2020) 44 Cal.App.5th 371 and *People v. Magana* (2021) 63 Cal.App.5th 1120. Those authorities are distinguishable because they involved the correction of clerical errors in an abstract of judgment, rather than an unauthorized or illegal sentence. (See *Magana*, at p. 1125 ["The problem with the prior prison term enhancements was a clerical error: the two prior prison term enhancements were listed on both the determinate abstract and the indeterminate abstract. The double listing of those enhancements by the clerk was not an illegal sentence."]; *Humphrey*, at p. 380 ["Here, it is clear the court . . . merely was correcting the abstract of judgment. The court explicitly stated there existed 'a clerical error on the abstract.' . . . The court did not change Humphrey's sentence whatsoever. Instead, the court essentially reiterated Humphrey's original sentence, making it plain how it should appear on the amended abstract of judgment."].) Because *Humphrey* and *Magana* involved clerical errors, which

8

could be corrected without recall and resentencing, the Attorney General's reliance on these authorities is unpersuasive in this context.[3]

Moreover, in response to the CDCR's letter, the trial court changed Thompson's sentence, i.e., it effectively resentenced him under the circumstances here. "In a criminal case, judgment is rendered when the trial court orally pronounces sentence. [Citations.] A judgment in a criminal case may consist of a fine, a term of imprisonment, or both [citation], and the judgment may be imposed or, in appropriate cases, suspended." (*People v. Karaman* (1992) 4 Cal.4th 335, 344, fn. 9.) "Upon conviction it is the duty of the court to pass sentence on the defendant and impose the punishment prescribed." (*In re Sandel* (1966) 64 Cal.2d 412, 415.) "If the defendant stands convicted of two or more crimes and is subject to multiple terms of imprisonment, it is the further duty of the trial court to decide in its discretion whether such terms are to be served concurrently or

---

[3]    The Attorney General also argues the CDCR's letter could not have been a recommendation for recall and resentencing because it did not recommend a change in Thompson's "commitment," which the Attorney General interprets as the effective term of Thompson's imprisonment. (See former § 1170, subd. (d)(1) [a court may "recall the sentence and commitment" upon recommendation of the CDCR].) The Attorney General does not provide any authority for the proposition that the term "commitment" must mean a specific length of imprisonment. Instead, as used in the statute, the term means the commencement of a defendant's prison or jail sentence. It describes a defendant being "committed to the custody" of the CDCR or county jail and references the "the date of commitment." (*Ibid.*) More generally, it can also mean the order committing the defendant, in this case the abstract of judgment: "A commitment is an order by a court or other authorized agency [citation] sending a person to prison or other place of detention. It is the process and authority for carrying the judgment and sentence into effect." (*People v. Rick* (1952) 112 Cal.App.2d 410, 413; accord, *People v. Mitchell* (2001) 26 Cal.4th 181, 185.) The Attorney General's interpretation is unpersuasive.

consecutively." (*Id.* at p. 416.) Concurrent terms are therefore part of a defendant's sentence.

"A concurrent term begins when it is imposed and runs together with the other terms, with the latest expiring term controlling." (*Quintero*, *supra*, 135 Cal.App.4th at p. 1156, fn. 3.) A defendant serving concurrent terms " 'is deemed to be *subjected* to the term of *both* sentences although they are served simultaneously.' " (*People v. Duff* (2010) 50 Cal.4th 787, 796.) In other words, "a concurrent sentence is still punishment." (*People v. Alford* (2010) 180 Cal.App.4th 1463, 1468 (*Alford*).) Thus, as our Supreme Court explained, a defendant could "complete[] a five-year term for [a] violent offense" that resulted in reduced worktime credits but continue "serving the remainder of a concurrent 10-year term for a nonviolent office." (*In re Reeves* (2005) 35 Cal.4th 765, 768-769.) As such, we disagree with the Attorney General's suggestion that a change in the concurrent terms of sentence does not change "the overall sentence."

The Attorney General notes that the errors in Thompson's concurrent sentences did not affect the other components of his sentence. This assertion does not address whether the court had the *authority* to change the other components. And, more pertinent to this appeal, it does not address whether the changes to Thompson's concurrent sentences rendered the judgment nonfinal for purposes of subsequently-enacted ameliorative statutes under *Estrada*. The Attorney General contends, "The court could correct the length of [Thompson's] concurrent terms without calling the court's original discretionary decisions into question." But, in selecting the low term for these concurrent sentences, the trial court exercised its discretionary authority, altered Thompson's sentence, and changed the judgment against him. Under these circumstances, the judgment against Thompson is no

10

longer final because the trial court has, at a minimum, modified it. (See *Lopez*, *supra*, 56 Cal.App.5th at pp. 845-846, review granted.)

The Attorney General points out that a trial court has the inherent authority to correct an unauthorized sentence even without a recommendation from the CDCR. He reasons that, under this inherent authority, a trial court may modify a judgment without resentencing a defendant where the error does not " 'fundamentally infect[] [the defendant's] entire sentencing scheme.' " The Attorney General relies on *People v. Stevens* (1988) 205 Cal.App.3d 1452, 1457, for this proposition, but that opinion did not announce any such bright-line rule. It described the situation before it. (*Ibid*.) Our Supreme Court's more recent discussion of a trial court's authority to resentence a defendant, when only part of a sentence is defective, does not contain any such qualifications. (See *People v. Buycks* (2018) 5 Cal.5th 857, 893; see also *People v. Valenzuela* (2019) 7 Cal.5th 415, 424-425 ["[T]he full resentencing rule allows a court to revisit all prior sentencing decisions when resentencing a defendant."]; *People v. Walker* (2021) 67 Cal.App.5th 198, 205-206.)

The other authorities cited by the Attorney General are likewise distinguishable. *People v. Vizcarra* (2015) 236 Cal.App.4th 422, 441-442, involved directions on remand that explicitly limited the trial court's authority. No such limitation exists here. *People v. Shabazz* (1985) 175 Cal.App.3d 468, 473, considered an award of custody credits. The Attorney General claims *Shabazz* stands for the proposition that a resentencing hearing is not necessary when it involves "only a question of law." (*Id*. at p. 474.) Here, while the underlying error was legal, the court's resolution of that error did not merely involve a question of law. The length of the concurrent terms is a discretionary sentencing choice. Lastly, in

11

*Quintero*, *supra*, 135 Cal.App.4th at page 1156, footnote 3, this court modified a judgment to impose a full concurrent term rather than a one-third concurrent term, without remanding for resentencing. We did so "because the record clearly reflects the trial judge's intention to run the count 4 sentence concurrently" and not impose any additional consecutive time. (*Ibid*.) *Quintero* does not apply here because it involved the scope and necessity of further proceedings on remand, not a trial court's modification of its own judgment. Moreover, our reference to "*the* count 4 sentence" appears to recognize that the trial court intended to impose the middle term, so there was no need for proceedings on remand. (*Ibid*., italics added; accord, *Alford*, *supra*, 180 Cal.App.4th at p. 1473 [modifying the judgment to impose a two-year midterm sentence "because that is undoubtedly the sentence the trial court would have imposed"].) Here, however, the trial court made the decision to select the *low* term from among its sentencing choices, as it was empowered to do. Because the trial court reassessed its discretionary sentencing choices regarding Thompson's prison terms—even if served concurrently with other terms—it had the authority to revisit the other aspects of Thompson's sentence as well. (See *Hill*, *supra*, 185 Cal.App.3d at p. 834.)

In sum, because the trial court was required to modify the judgment to correct Thompson's sentence (and, indeed, it did so), the judgment was no longer final for purposes of the *Estrada* rule describing the retroactive effect of ameliorative criminal statutes. Specifically, in making this modification and resentencing Thompson, the trial court had the authority to consider its expanded discretion under section 1385 to dismiss Thompson's firearm enhancements (see Sen. Bill No. 620 (2017-2018 Reg. Sess.), Stats. 2017, ch. 682, § 2) and serious felony enhancement (see Sen. Bill No. 1393 (2017-

12

2018 Reg. Sess.), Stats. 2018, ch. 1013).  (See *Lopez*, *supra*, 56 Cal.App.5th at pp. 845-846, review granted; see also *People v. Reneaux* (2020) 50 Cal.App.5th 852, 875-876 [Sen. Bill No. 1393 applies retroactively under *Estrada*]; *People v. K.P.* (2018) 30 Cal.App.5th 331, 339 [same, Sen. Bill No. 620].)  On remand, the trial court should consider its discretion under these statutes.  We express no opinion on how this discretion should be exercised.[4]

## DISPOSITION

The judgment is reversed with directions to conduct a new resentencing hearing in accordance with this opinion.

GUERRERO, J.

WE CONCUR:

AARON, Acting P. J.

DO, J.

---

[4]    Relying on *Magana, supra*, 63 Cal.App.5th at page 1128, the Attorney General has filed a motion to dismiss this appeal on the grounds that it was taken from a nonappealable order.  The Attorney General's arguments in the motion essentially overlap with his arguments in this appeal, and we find them unpersuasive for the same reasons.  Thompson has appealed the new, modified judgment against him, which is appealable.  (See § 1237, subd. (a); *People v. Arias* (2020) 52 Cal.App.5th 213, 220.)  The motion to dismiss is denied.